JESSE HOOD *v.* A. FRONEBERGER and D. QUINN.

A note given to C in 1866 by A as principal, and B as surety, in payment for certain notes made in 1864 by B to C, which in 1866 were purchased by A from C, is a *new* contract by A and B, and not one " in renewal of or a substitute for " the contracts of 1864, within the 5th section of the Ordinance of March 14th, 1868.

DEBT, tried before *Little, J.*, at Spring Term 1868, of the Superior Court of CLEAVELAND.

The action was brought originally in the County Court upon a note, of which a copy is set out in the opinion of the Court.

Judgment having been recovered by the plaintiff, in the County Court, the defendant appealed to the Superior Court.

Upon the trial in the Superior Court the only question made was, whether the note was embraced by the Military order of

General Canby, No. 164, or by the Ordinance of 1868, Staying proceedings, &c. The Court instructed the jury that it. formed a *new* contract and could be sued upon in the County Court.

Verdict for the plaintiff; Rule for New Trial; Rule discharged; Judgment and Appeal.

*Merrimon,* for the appellant.

*Bragg, contra.*

PEARSON, C. J. " We promise to pay Jesse Hood two hundred and sixty-nine dollars in silver coin or its equivalent in currency, for some notes on Aaron Quinn for the year 1864,. for value received, July 1st, 1866.

D. FRONEBERGER & Co.

A. QUINN, Security."

We concur with his Honor in the opinion that this is a *new* contract, made 1st July, 1866, and does not fall within the exception set out in the 5th section of the Ordinance of the Convention, ratified 14th March 1868. It is not a note made since 1st May, 1865, in *renewal* of or substitute for a contract. made prior to 1st May 1865. In 1866 Froneberger & Co.. purchased of Hood notes which he held on Quinn. The fact. that Quinn signs the note as surety for Froneberger & Co.,, does not, *per se,* give to it the character of a note in renewal of the notes of Quinn.

There is no error.

PER CURIAM. Judgment affirmed.